IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONTE MICHAEL JACKSON,         *

     Plaintiff,               *

v.                      *    Civil Action No. GLR-16-1878

KATHLEEN S. GREEN,          *

     Defendant.            *

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Donte Michael Jackson's Motion for Leave to Proceed in Forma Pauperis.  (ECF No. 2).  Because Jackson appears indigent, the Court will grant his Motion.  For the reasons that follow, however, the Court will dismiss Jackson's Complaint.

On June 3, 2016, Jackson filed the instant 42 U.S.C. § 1983 (2012) Complaint, seeking $25,000 in damages and a transfer from his place of confinement, the Eastern Correctional Institution ("ECI").  (ECF No. 1).  In his suit, against ECI Warden Kathleen S. Green, Jackson alleges he was denied a shower on Monday, May 9, 2016 because his cell was not in compliance with the "Rule Book."  (Id. at 4).  Jackson had been without a shower for the preceding three days, and there were no showers on Tuesdays.  Jackson, therefore, went without a shower for five consecutive days, which he contends was "not legal."  (Id.).

Because Jackson seeks to proceed in forma pauperis, the Court must screen his complaint.  28 U.S.C. § 1915A(a); see McLean v. United States, 566 F.3d 391, 394 (4th Cir. 2009).  Before permitting the case to move forward or requiring a response from Green, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

The Court understands that sanitation and hygiene are major concerns in prison and that a total of five days without a shower might have been unpleasant for Jackson.  But to the extent Jackson is arguing that this one-time denial of a shower violated his Eighth Amendment rights, his claim fails as a matter of law.

"[T]o establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that the deprivation of [a] basic human need was objectively 'sufficiently serious,' and that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)). Jackson does not allege a "sufficiently serious" deprivation.  As Shakka illustrates, opportunities to shower can be more severely reduced without violating a prisoner's constitutional rights.  71 F.3d at 167–68 (rejecting inmate's claim that preventing him from showering for three days after having human excrement thrown on him constituted cruel and unusual punishment where the inmate acknowledged "he was provided with water and cleaning materials with which to clean himself and his cell immediately after informing prison officials of the assault").

Jackson alleges a correctional officer denied him a shower one day for a cell rules violation, contributing to a total of five consecutive days without a shower.  He does not allege the denial of showers was a frequent occurrence or part of a longer-term policy.  In cases featuring such allegations, courts have held that affording general population inmates two showers per week meets the constitutional minimum.  See Walker v. Mintzes, 771 F.2d 920, 928 (6th Cir. 1985); Preston v. Thompson, 589 F.2d 300 (7th Cir. 1978).  Courts have affirmed even greater limits on showers as

punishment for in-prison violations such as rioting.  See Davenport v. DeRobertis, 844 F.2d 1310, 1316–17 (7th Cir.1988) (holding that allowing inmates only one shower per week did not violate constitutional rights).  Jackson also does not allege that he had a medical condition that was exacerbated by the denial of the shower over the cumulative five-day period or that he was without materials to otherwise clean himself.  See Shakka, 71 F.3d at 166–68 ; see also Walker v. Bowersox, 526 F.3d 1186, 1189 (8th Cir. 2008) (finding triable Eighth Amendment issue where prisoner was barred from showering or changing for three days after pepper spray incident).  Jackson also does not allege the second element of an Eighth Amendment violation.  He not only admits he violated ECI's cell rules but also fails to allege the correctional officer or Green acted with a sufficiently culpable state of mind.  The Court finds, therefore, that Jackson has failed to allege he experienced an injury from this isolated denial, and his Complaint for damages may not proceed.

For the reasons stated above, the Court will GRANT Jackson's Motion for Leave to Proceed in Forma Pauperis and DISMISS Jackson's Complaint.[1]  A separate order follows.

Entered this 28th day of July 2016

/s/

_____
George L.  Russell, III
United States District Judge

---

[1] Although Jackson's case does not state a constitutional claim, the dismissal does not constitute a "strike" under 28 U.S.C. § 1915(e) and should not be construed as such by any party.